# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 49777-8-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| XAVIER JOAQUIN FLORES, | |
| Appellant. | |

MAXA, A.C.J. – Xavier Flores appeals his third degree assault conviction, challenging the trial court's decision to allow him to be placed in a leg restraint during his jury trial. He alleges that Thurston County routinely places physical restraints on defendants without finding extraordinary circumstances.

We hold that even if the trial court did err in allowing a leg restraint without a finding of extraordinary circumstances, any error was harmless because there is no indication that the jury was aware of the restraint. We also reject Flores's additional claims asserted in a statement of additional grounds (SAG). Therefore, we affirm Flores's conviction.

FACTS

At 2:30 AM, on July 7, 2016, staff and guests at a hotel in Tumwater reported that someone outside was yelling and screaming. Officer Kelly Clark was the first to respond. As he was driving through the hotel's parking lot, he noticed a man come out of the bushes and run

toward his vehicle. Clark stopped his vehicle, stepped out, and escorted Flores away from the vehicle.

According to Clark, Flores lunged at him, put his arms around his neck, and squeezed his neck. Flores tried to bite him. Clark brought Flores to the ground, but Flores did not loosen his grip on Clark's neck. So Clark fired his taser into Flores's abdomen. This still did not stop Flores, who then tried to take Clark's taser and handgun. Officer Jason Raphael arrived, and he had to punch Flores in the face in order to pull Flores's arms away. The two officers then were able to handcuff him. It took additional officers to subdue and arrest Flores.

The State charged Flores with second degree assault by means of strangulation with an aggravating circumstance that Flores assaulted a police officer performing his duties. Alternatively, the State charged Flores with a lesser included offense of third degree assault.

Before trial, the State requested that Flores wear a leg restraint. Defense counsel objected but also stated that in his extensive experience with leg restraints placed on defendants, jurors had never seen nor commented on them. Therefore, he noted that he could not show that the restraint would cause any particular prejudice to Flores.

The trial court ruled that a leg restraint was appropriate, stating:

> I am going to require the use of the leg brace restraint at trial. I believe the factors that support it in this specific case are the seriousness of the charge, in particular Assault 2, the nature of the allegations that are set forth in the Affidavit of Probable Cause, including the conduct at the time interacting with law enforcement officers; and also, the criminal history that is not objected to that does include obstructing and attempting to elude a police vehicle and Assault 4.
> I also want to note the nature of the courtroom. This isn't a large courtroom by any means. And given the location of the jury when the jury is seated and the proximity to the Defendant, all of those are factors, in my mind, that determine and support the conclusion that the court will require the use of restraints in this case.

1 Report of Proceedings (RP) at 17-18.

The trial court also noted that steps usually were taken to prevent the jury from seeing the defendant move around to eliminate the chance that they would notice the leg restraint. As a result, during trial Flores was seated in the witness stand before the jury entered the courtroom and he remained seated after his testimony until the jury left.

The jury found Flores guilty only of the lesser-included offense, third degree assault. Flores appeals his conviction.

## ANALYSIS

A.    PLACING PHYSICAL RESTRAINTS ON DEFENDANT

Flores argues that the trial court violated his constitutional right to a fair trial by allowing the Thurston County sheriff's office to place him in a leg restraint. We hold that any error in allowing the restraint was harmless.

1.    Legal Principles

"It is well settled that a defendant in a criminal case is entitled to appear at trial free from all bonds or shackles, except in *extraordinary circumstances*." *State v. Finch*, 137 Wn.2d 792, 842, 975 P.2d 967 (1999) (emphasis added). This right to appear without restraints is designed to preserve a defendant's right to a fair trial under the Sixth and Fourteenth Amendments to the United States Constitution and article I, section 22 of the Washington Constitution. *Id.* at 843.

Washington courts have "universally held that restraints should 'be used only when necessary to prevent injury to those in the courtroom, to prevent disorderly conduct at trial, or to prevent an escape.' " *Id.* at 846 (quoting *State v. Hartzog*, 96 Wn.2d 383, 398, 635 P.2d 694 (1981). And the use of physical restraints should be used only as a last resort. *Finch*, 137 Wn.2d at 850.

The Supreme Court has identified several factors that the trial court should consider when deciding whether a defendant should be restrained during trial:

> "[T]he seriousness of the present charge against the defendant; defendant's temperament and character; his age and physical attributes; his past record; past escapes or attempted escapes, and evidence of a present plan to escape; threats to harm others or cause a disturbance; self-destructive tendencies; the risk of mob violence or of attempted revenge by others; the possibility of rescue by other offenders still at large; the size and mood of the audience; the nature and physical security of the courtroom; and the adequacy and availability of alternative remedies."

*State v. Hutchinson*, 135 Wn.2d 863, 887-88, 959 P.2d 1061 (1998) (quoting *Hartzog,* 96 Wn.2d at 400).

However, in *Finch* the court emphasized that the existence of one of more of these factors does not necessarily mean that the defendant should be restrained absent *compelling circumstances* that require restraints for courtroom security. 137 Wn.2d at 850. "The trial court must base its decision to physically restrain a defendant on evidence which indicates that the defendant poses an imminent risk of escape, that the defendant intends to injure someone in the courtroom, or that the defendant cannot behave in an orderly manner while in the courtroom." *Id.*

The trial court has discretion in determining whether a defendant should be restrained. *Hutchinson*, 135 Wn.2d at 887. But this discretion has limitations.

> A trial judge must exercise discretion in determining the extent to which courtroom security measures are necessary to maintain order and prevent injury. That discretion must be founded upon a factual basis set forth in the record. A broad general policy of imposing physical restraints upon prison inmates charged with new offenses because they may be 'potentially dangerous' is a failure to exercise discretion.

4

*Finch*, 137 Wn.2d at 846 (*quoting Hartzog*, 96 Wn.2d at 400). The trial court commits constitutional error if it orders the defendant restrained without balancing or analyzing the need for restraints. *State v. Clark*, 143 Wn.2d 731, 775, 24 P.3d 1006 (2001).

A claim of unconstitutional physical restraints is subject to a harmless error analysis. *Id.* Improperly restraining a defendant is harmless error if the jury does not see the defendant in restraints. *Id.* at 777; *Hutchinson*, 135 Wn.2d at 888.

2.   Analysis

Here, the trial court did analyze several relevant factors in determining that placing Flores in a leg restraint was appropriate. However, it does not appear that the trial court recognized that physical restraints should be used only in extraordinary circumstances and as a last resort.

Further, we acknowledge that Flores alleges that there is a routine practice of imposing physical restraints on defendants in Thurston County. The Supreme Court in *Finch* disapproved of broad, general policies calling for placement of restraints on defendants. 137 Wn.2d at 846. Yet defense counsel in this case stated that he had been through "50 or more trial days with various individuals in this court that have had the leg restraint." 1 RP at 10.

Here, the prosecutor stated that the leg restraint was needed because otherwise two security officers would be needed in the courtroom rather than one. Although this factor may be relevant in extraordinary cases where physical restraints are warranted, it cannot be used to justify the routine imposition of restraints on criminal defendants.

We do not need to determine whether the trial court abused its discretion in this case because any error was harmless. There is no evidence in the record that the jury saw or was

5

aware of the leg restraint placed on Flores. Therefore, on this record, placement of the leg restraint could not have prejudiced Flores.

We reject Flores's argument that his conviction must be reversed because he was placed in a leg restraint during trial.

B.     SAG CLAIMS

In his SAG, Flores presents two additional grounds for review. First, he asserts that the State withheld evidence that Officer Clark lied in a 2009 case. But the record does not contain any such evidence. We cannot consider matters outside the trial record when a claim is brought on direct review. *State v. Grier*, 171 Wn.2d 17, 29, 246 P.3d 1260 (2011). Therefore, we cannot review this claim. If Flores wishes to raise issues that require evidence of facts not in the record, he must file a personal restraint petition. *Id.*

Second, Flores asserts that the prosecutor failed to allow the court and jury "to receive and view all of the evidence in its entirety and/or original format." SAG at 2. But he fails to identify this evidence, why it was error to exclude it, or explain how it prejudiced his trial. As such, we cannot review this claim. RAP 10.10(c).

C.     APPELLATE COSTS

Flores asks that we refrain from awarding appellate costs if the State seeks them. The State does not contest this request. Therefore, we decline to impose appellate costs.

CONCLUSION

We affirm Flores's conviction.

No. 49777-8-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, A.C.J.

We concur:

_____
JOHANSON, J.

_____
MELNICK, J.